# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LEONARD LEWIS,**

    **Plaintiff,**

v.         Case No. 8:08-cv-546-T-TBM

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

## O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security Supplemental Security Income ("SSI") payments. For the reasons set out herein, the decision is reversed and remanded.

## I.

Plaintiff was fifty-three (53) years of age at the time of his administrative hearing on March 1, 2007. Plaintiff has a high school education. His past relevant work was as a floor technician for a cleaning service, relief man, and concrete refinisher. Plaintiff applied for Supplemental Security Income payments in December 2003, alleging disability as of July 1, 2003, by reason of shortness of breath, chest pain, swelling from medications, high blood pressure, pain in right knee, and high cholesterol. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in his own behalf.

Plaintiff testified that he can no longer do his former work because he cannot stand up for long nor walk as required. When asked what bothered him, Plaintiff complained of problems with his legs, knee, and occasional chest pains. He indicated he had undergone an angioplasty, and he occasionally got heartburn. In 1988, he had surgery on his left knee. His left leg swells and has a knot on it at the ankle, and his heel is swollen and hurts. His right knee is swollen, and it pops and grinds when he walks. He has had injections in the knee for arthritis, but it did not help for the pain. His legs swell daily and hurt. When his legs swell, he sits down and elevates them. Some days he spends three or four hours with his legs elevated. He has not been able to get care for the problem because his insurance ran out, and social services has not set an appointment yet. He can get around without a cane or walker, but he wears ace bandages. He takes pills for his diabetes and is on blood pressure medication.

He does not cook, and his girlfriend does the household chores. During the day, he mostly sits around. He watches television and listens to music. He will walk to a friend's house and visit and then come back and lay down. He tried doing some yard work and got a nose bleed and his foot hurt. He does not drive because his license is "messed up." He denies any hobbies. He claims the doctor told him not to lift more than ten pounds. He can stand and sit for an hour or so. He can walk for ten to fifteen minutes. (R. 222-32).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of May 7, 2007, the ALJ determined that while Plaintiff has severe impairments related to coronary artery disease, residuals from bypass grafting and stent surgery, he nonetheless had the residual functional capacity ("RFC") to perform a full range of light exertional work. Upon this finding and by use of the medical vocational guidelines, the ALJ concluded that Plaintiff could perform jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 12-18). The Appeals Council considered additional evidence and denied Plaintiff's request for review.

II.

In order to be entitled to Social Security Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.*

at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The ALJ, in part, decided the Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq*. These Regulations apply in cases where an individual's medical condition is severe enough to prevent them from returning to their former employment, but may not be

severe enough to prevent them from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." *Id.* at Part 404, Subpt. P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. *Id.* at § 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. *Id.* at § 404.1569a.

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) There is no substantial basis for dismissing the claimant's complaints of pain; and

(2) The ALJ erred in failing to obtain vocational testimony in light of the significant non-exertional impairments.

By his first claim, Plaintiff urges that the ALJ wrongly discounted his complaints of chest pain and pain in his legs due to swelling and problems with his knees because all these

5

conditions are supported by the medical record. Additionally, the ALJ failed to properly discount his pain complaints or state adequate reasons for discounting the same. Plaintiff seeks a remand for further development of this evidence. In response, the Commissioner urges that the ALJ's decision that Plaintiff's subjective testimony was not entirely credible is supported by substantial evidence. While the ALJ found Plaintiff to suffer from conditions that could produce some of his alleged symptoms, the statements regarding the intensity and limiting effects were overstated. The Commissioner urges that neither Plaintiff's testimony nor the medical records supported a disabling chest pain condition. With regard to Plaintiff's complaint of knee pain, the Commissioner notes that the left knee surgery was roughly fifteen (15) years prior to the alleged onset of his disability suggesting that the surgery had apparently been successful. The Commissioner notes that with regard to the right knee that it was not until July 2006 that Dr. Zemankiewicz diagnosed Plaintiff with right knee arthritis which he treated with a single pain injection. The Commissioner urges that the conservative treatment reflected in the record suggests that the condition was non-disabling. As for the swelling in his legs, the record reflects the periodic condition, but otherwise reflects that the condition was not disabling.

Plaintiff is correct that in this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise

to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Id.*; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 .2d 1529, 1532 (11th Cir. 1991). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale*, 831 F.2d at 1012

Here, the decision reflects that the ALJ reviewed Plaintiff's pain complaints in accordance with the applicable standard.[1] In fact, he credited Plaintiff with medical conditions which reasonably could be expected to produce his alleged symptoms. However, in evaluating the intensity, persistence, and limiting effects of the symptoms, he discounted Plaintiff's testimony as not entirely credible. By my consideration, when read as a whole, the decision adequately reflects the ALJ's consideration of the medical records and the lack of support in the same for Plaintiff's complaints of wholly disabling symptoms. By my review of the reports from the cited doctors, Dr. Morris Kutner, M.D., treatment notes from Dr. Gary R. Johnson, M.D., a cardiologist, and Dr. Eric Ranon, M.D., there is more than adequate support for the conclusion that Plaintiff overstated his symptoms. While Plaintiff may

---

[1]Proper application of the regulatory standard will satisfy this circuit's pain standard. *See Wilson v. Barnhart,* 284 F.3d 1219, 1226 (11th Cir. 2002).

7

disagree with Dr. Kutner's observation that his use of a cane was inappropriate, the observation was made, and in any event, the report as a whole provides other support for the ALJ's conclusions.[2] Similarly, Dr. Johnson's notes do reflect normal cardiac function (in addition to no evidence of ischemia, fixed defect or left ventricular dysfunction, nor regional wall motion abnormalities) and a recommendation that Plaintiff lose weight through a progressive exercise program. Dr. Ranon's notes, while reflecting pain complaints, do also note normal clinical findings. As noted above, an ALJ may discount subjective complaints of pain upon explicit and adequate reasons. Here, insofar as Plaintiff claimed wholly incapacitating pain, the ALJ could find otherwise. Except as discussed below, I find that he did so here upon adequately expressed reasons.

Plaintiff's second claim is more problematic. Here, Plaintiff protests the ALJ's use of the grids for decision in this case in light of Plaintiff's significant nonexertional limitations. In particular, he notes his pain and swelling problems and environmental restrictions assessed by the nonexamining doctor, relied upon for the RFC finding by the ALJ. By that doctor's findings, in addition to certain postural limitations, Plaintiff should avoid concentrated exposure to extreme cold, extreme heat, and hazards. Citing *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000), where the court said that the use of the grids was inappropriate when a claimant has nonexertional limitations such as a requirement for a climate controlled

---

[2]Dr. Kutner's notes reflect consideration of the report from Dr. Steve Rivers, M.D., from August 2004. A review of that evaluation further supports the ALJ's ultimate conclusion. While Dr. Stan Zemankiewicz, M.D., did later note grade III arthritis in Plaintiff's right knee, he offers no other findings which would call for a different credibility finding by the ALJ.

8

environment, Plaintiff argues the ALJ was obliged to call a vocational expert to assess his capacity for a full range of light work. In response, the Commissioner concedes that the ALJ gave significant weight to the assessment of Dr. Green, but urges that he was not required to adopt the environmental limitation opined by the doctor. Further, he urges that the limitation is not supported by the records from examining doctors, Dr. Kutner, Dr. Rivers, nor by the report of nonexamining doctor, Dr. J. Andriole, D.O. The Commissioner also cites to a statement apparently from Plaintiff in *1995* that he was working in a freezer.

The decision in *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995), is instructive on the law:

> Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do. . . . The Secretary bears the burden of establishing that Appellant, who could not perform her past work, could perform alternative work in the national economy. Although this burden can sometimes be met through straightforward application of the Medical-Vocational Guidelines (the "grids"), the regulations regarding the implementation of the grids caution that they are only applicable under certain conditions. For example, the claimant must suffer primarily from an exertional impairment, without significant non-exertional factors. . . . Exclusive reliance on the grids is appropriate in cases involving only exertional impairments (impairments which place limits on an individual's ability to meet job strength requirements). . . . Pain is a nonexertional impairment. . . . Exclusive reliance on the grids is inappropriate when a claimant has a nonexertional impairment that significantly limits the claimant's basic work activities. . . . If the grids are inapplicable, the Secretary must seek expert vocational testimony.

*Id.* at 1559 (citations omitted).

In *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992), the court further addressed the interplay between the grids and nonexertional impairments. There, the ALJ found certain nonexertional impairments including seizure disorder, peptic ulcer disease, and an affective disorder; however, he determined the Plaintiff could do a full range of light work and no vocational expert was necessary. In rejecting this conclusion and the ALJ's reliance on the grids, the court stated, "it is only when the claimant can clearly do *unlimited* types of light work, . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Id.* at 839 (citing *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989), and quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A, March 1981) (emphasis in original)). The court concluded that upon the ALJ's findings that Plaintiff suffered nonexertional impairments, "it is evident that claimant was not able to do *unlimited* types of light work, because he was precluded from work around unprotected heights and dangerous moving machinery." *Marbury*, 957 F.2d at 839 (emphasis in original). Accordingly, expert testimony was required to determine whether the claimant's limitations were severe enough to preclude him from performing a wide range of light work. *Id.*; *see also Phillips v. Barnhart*, 357 F.3d 1232 (11th Cir. 2004).

A number of other decisions in this circuit have also determined the need to call a vocational expert in lieu of exclusive reliance on the grids. *See Welch v. Bowen*, 854 F.2d 436, 439 (11th Cir. 1988) (limitations on climbing, balancing, working at heights or around dangerous machinery); *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987) (postural and manipulative limitations); *Gibson v. Heckler*, 762 F.2d 1516, 1521 (11th Cir. 1985) (limitation on sitting and standing); *McRoberts v. Bowen*, 841 F.2d 1077, 1081 (11th Cir.

1988) (limitation on sitting and standing); *Swindle v. Sullivan*, 914 F.2d 222 (11th Cir. 1990) (pain and dizziness); *Falcon v. Heckler*, 732 F.2d 827 (11th Cir. 1984) (depression and low back pain); *Patterson v. Bowen*, 799 F.2d 1455, 1459 (11th Cir. 1986) (limited grip strength and dexterity); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985) (breathing problems/environmental problems).

The Eleventh Circuit has recognized that nonexertional limitations can cause the grids to be inapplicable <u>only</u> when they are severe enough to prevent a wide range of gainful employment at a given exertional level. *See Sryock v. Heckler*, 764 F.2d at 836. Thus, the ALJ should make a specific finding as to whether or not any nonexertional limitations preclude a wide range of employment at the given exertional level. *See id.* Where such determination is made, it is reviewed only to determine whether it is supported by substantial evidence.

Here, by reason of his coronary artery disease and residuals from bypass grafting and stent surgery, the ALJ found Plaintiff's subjective complaints of chest pain with associated shortness of breath and knee pain credible, but only to the extent that such rendered him incapable of performing work above the light exertional level. By the ALJ's assessment Plaintiff was capable of the exertional demands of light work, frequently performing postural activities such as crawling, crouching, kneeling, stooping, and balancing, and occasionally climbing ropes/stairs, but never ladders/ropes/scaffolds. Purportedly, this assessment was reached consistent with the assessment by Dr. Green, a nonexamining state agency doctor. By Dr. Green's assessment, Plaintiff could perform the exertional demands of light work, including frequent postural activities except for only occasional balancing, but he was to avoid

concentrated exposure to extreme heat and cold, and hazards (apparently in connection with open heights). (R. 136-43). By my reading, the ALJ's RFC assessment accounted for all the limitations imposed by Dr. Green except for the environmental limitations from working around concentrated heat and cold (and perhaps hazards). Plaintiff urges that those nonexertional limitations precluded the ALJ's exclusive reliance on the grids for decision and dictated that the ALJ take vocational expert testimony. Here, I agree. It appears to me that the limitations imposed by Dr. Green are, as determined by the ALJ, consistent with the record as a whole. Because there is no indication by the ALJ otherwise, it appears he simply chose to ignore the environmental limitations imposed by Dr. Green. While the Commissioner is correct, in principle, that the opinion of a nonexamining doctor does not constitute substantial evidence and thus an ALJ may ignore it in favor of other evidence, what the ALJ determined here is that the assessment by this doctor was fully consistent with the substantial evidence from treating and examining doctors and thus deserving of significant weight. If so, the ALJ was not at liberty to pick and choose those portions of the RFC assessment that favored his conclusion and ignore a portion that, in this case, did not. There is no express finding that the limitations which he did find did not prevent Plaintiff from performing a full range of light work although I suppose that such may be inferred. However, without addressing the environmental limitations at all, I am obliged to conclude that they should have been included in the ALJ's RFC, and had they been, vocational testimony was required before the ALJ could find Plaintiff capable of a full range of light work.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not in accordance with the correct legal standards. While the ultimate conclusion of the ALJ may be the correct one, the decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order. Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 15th day of June 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record